UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
IN RE:                              )
                                    )
PHYLLIS A. CHANDLER,                )
                                    )
     Debtor.                        )
_____ )
                                    )
GREENPOINT CREDIT, LLC,             )
                                    )
        Appellant,                  )
                                    )
     5.                             )      Case No. 3:05-0564
                                    )      JUDGE ECHOLS
MICHAEL GIGANDET, TRUSTEE,          )
                                    )
        Appellee.                   )
```

MEMORANDUM

Pending before the Court is the direct appeal from the final Order of the Bankruptcy Court entered May 5, 2005, denying Appellant Green Point Credit, LLC's Motion for Summary Judgment and granting Appellee Trustee's Motion for Summary Judgment. The Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 158(a)(1).

I. FACTUAL BACKGROUND

This appeal presents the single issue of whether omission in the acknowledgment to a Tennessee deed of trust of the names of the individuals purporting to acknowledge their signatures renders the deed of trust voidable in bankruptcy under 11 U.S.C. § 544(a)(3). The Bankruptcy Court concluded that it did based upon the following undisputed facts.[1]

---

[1] The facts are based upon the admissions in the pleadings before the Bankruptcy Court, as well as the deed of trust which has been stipulated to as being authentic by the parties to this

1

The Debtor, Phyllis Chandler, together with Jessie Chandler, executed a deed of trust on real property located on Cook Road in Portland, Tennessee. The deed of trust secured a note between Jessie Chandler and BankAmerica Housing Services[2] and contained the signatures of both Phyllis and Jessie Chandler.

The deed of trust contains the following acknowledgment:

STATE OF TENNESSEE, Sumner County ss:

On this 7TH day of August, 1998, before me personally appeared to me known to be the person(s) described in and who executed the foregoing instrument, and who acknowledged the execution of the same to be THEIR free act and deed. Witness my hand and official seal.

My Commission Expires: 2/3/02

[Notary Public signature and seal]

As can be seen, the acknowledgment to the deed of trust does not contain the names of either the Debtor or Jessie Chandler. It was recorded on September 21, 1998.

---

appeal. (Docket Entry No. 1 Exs. 8, 9 & 13.)

[2]Appellant Greentree Credit is the successor in interest to BankAmerica Housing Services. (Docket Entry No. 1 Ex. 3 ¶ 5).

2

On August 2, 2004, the Debtor filed for bankruptcy under Chapter 7. On December 27, 2004, the Trustee commenced an adversary proceeding to avoid the deed of trust under 11 U.S.C. § 544(a)(1),(2) or (3).

Based upon the Sixth Circuit's decision in Gregory v. Ocwen Federal Bank (In re Biggs), 377 F.3d 515 (6th Cir. 2004), the Bankruptcy Court found the deed of trust voidable under Tennessee law and hence granted summary judgment in favor of the Trustee. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. Rembert v. AT & T Univ. Card Serv. (In re Rembert), 141 F.3d 277, 280 (6th Cir. 1998). A factual finding is clearly erroneous only when the reviewing court is left with the definite and firm conviction on the entire evidence that a mistake has been made. Id.

## III. LEGAL ANALYSIS

This Court agrees with the Bankruptcy Court that this case is controlled by In re Biggs. There, the debtors executed a deed of trust on their Tennessee home to secure a loan. In re Biggs, 377 F.3d at 516. The deed of trust contained an acknowledgment form which left out the names of the debtors as those persons who appeared before the notary to sign the acknowledgment. Id. at 517. Subsequently, the debtors filed a bankruptcy petition under Chapter 7 and the trustee sought to avoid the deed of trust on the grounds that it was defective. Id.

3

In affirming summary judgment in favor of the trustee, the Sixth Circuit held that "[t]o be valid under Tennessee law, a deed of trust must be registered and acknowledged[.]" Id. The Sixth Circuit noted that while the Tennessee legislature had provided statutory forms that fulfill the acknowledgment requirement, "all of the forms require the notary to include the names of the individuals acknowledging their signatures." Id. at 58. Since "the authentication of a deed of trust is not a purposeless formality," and "the most important information on the acknowledgment form" is the name of the person doing the acknowledging, id. at 519, an acknowledgment to a deed of trust which does not contain the names of the individuals acknowledging their signatures does not comply with Tennessee law.

Present appellant's reliance on In re Grable, 8 B.R. 363 (E.D. Tenn. 1980), which held that a defective acknowledgment could be cured by referencing the trust deed, is misplaced. As the Sixth Circuit in In re Biggs noted, "chronology alone makes In re Grable, . . . a suspect basis for reversal" since "[t]he case predates several recent decisions by the Tennessee Supreme Court on this topic[.]" In re Biggs, 377 F.3d at 520. Moreover, the Sixth Circuit noted that the bankruptcy court in In re Grable "misapprehend[ed] the role of an acknowledgment":

> To permit the names in the deed of trust to satisfy the names-in-the-acknowledgment requirement is to eliminate the acknowledgment requirement. No one doubts that the names of the individuals on the deed of trust are the names of the individuals who *should* appear on the acknowledgment. The very point of the acknowledgment is to have their signatures confirmed in the presence of a

4

>   notary. When notaries, however, merely take pre-printed forms and purport to notarize them without stating whose signatures they have notarized and who, if anyone, appeared before them, they not only undermine the Tennessee legislature's salutary purpose in creating statutorily-approved forms but also fail to accomplish the signal reason for having an acknowledgment in the first place.

Id. (emphasis in original).

In re Biggs also answers Appellant's argument that because the acknowledgment lists the county in which it was executed, the date of execution, and utilizes the term "their" (presumably referring to the grantors), the acknowledgment is not defective. However, the plural pronoun "their" is no more descriptive than the phrase "the person(s) described in and who executed the foregoing instrument" on the acknowledgment form in In re Biggs. As for the fact that the date on the acknowledgment form is the same as the date on the deed of trust - August, 7, 1998 - "[t]hat date no more establishes that the debtors truthfully and willfully signed the deed of trust than it establishes the date that a real-estate fraud occurred." Id.[3]

Clearly In re Biggs is on all fours with this case. Accordingly, the Bankruptcy Court properly relied on that case to conclude that the acknowledgment was invalid under Tennessee law.

## IV. CONCLUSION

---

[3] Likewise, the fact that the acknowledgment indicated that it was signed in Sumner County no more establishes that the deed of trust was signed by the Chandlers than it establishes the location where a fraud occurred. Besides, the acknowledgment in In re Biggs indicated that it had been signed in Davidson County and this apparently was of no moment to the Sixth Circuit.

5

For the foregoing reasons, the Order of the Bankruptcy Court granting Plaintiff/Appellee's Motion for Summary Judgment and denying Defendant/Appellant's Motion for Summary Judgment will be affirmed.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE